**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **DERRICK SCOTT** | : | **CIVIL ACTION NO.: 05-2024-P** |
| **VERSUS** | : | **JUDGE: WALTER** |
| **ROBERT DAVIS, ET AL** | : | **MAGISTRATE JUDGE: HORNSBY** |

**AFFIDAVIT**

**PARISH OF CLAIBORNE**

**STATE OF LOUISIANA**

I, **RAY HANSON**, the undersigned affiant, having first been duly sworn, did depose and state under oath the following:

1. I am currently employed by the Louisiana Department of Public Safety and Corrections (Department) as an Assistant Warden at the David Wade Correctional Center at Homer, Louisiana (DWCC).

2. During the year 2005, I held the position of Correctional Officer (Lieutenant Colonel) at DWCC.

3. I have been employed by the Department at DWCC for approximately ____ years.

4. At the request of the Attorney General's Office I have reviewed the claims asserted in the lawsuit of Derrick Scott, DOC #126372.

5. In his lawsuit, inmate Derrick Scott makes claims of cruel and unusual punishment asserted against him at DWCC on July 10, 2005.

6. As a Correctional Officer (Lieutenant Colonel) at DWCC during July 2005, I was familiar with DWCC's Use of Force Policy governed under the Department's Employee Policy Memorandum #02-01-005 during July 2005, a copy of which is

EXHIBIT
8
Blumberg No. 5118

attached hereto as Attachment A. To affiant's knowledge, the purpose of this program is to provide guidance regarding the use of force. This includes physical force, chemical agents, firearms, electronic capture shield and other similar devices, intermediate/impact weapons, restraints, less than lethal munitions and other tactical equipment as authorized.

7. According to the Department's Employee Policy Memorandum #02-01-005, Force, Necessary Force, Reasonable Force, Excessive Force and Chemical Agent are defined as followed:

(b) Force - Bodily contact of some nature—either with or without the use of restraint, electrical device, chemical agent, less than-lethal munition and device or firearm—which causes someone either to act in a manner contrary to his intent or to change his behavior to the desired action;

(c) Necessary Force – Force needed to gain control of an individual;

(d) Reasonable Force – Force justified by the specific elements of a situation, such as the amount of force responded to, a person's perception of danger, the existence of non-forceful alternatives, and any other relevant factors;

(e) Excessive Force – Force used in a situation justifying force that exceeds the force necessary to control the situation or continues after the person is subdued or restrained;

(i) Chemical Agent – An active substance, such as gas, mace or irritant dust, used to defer activities that might cause personal injury or property damage. (See Attachment A, pp. 1-2, sec. 2(B)(C)(D)(E)and (I).

8. In accordance with Employee Policy Memorandum #02-01-005, physical force may be used to defend one's self and others against any physical assault (See Attachment A, p. 5, sec. D(2)(b).

9. As a Lieutenant Colonel at DWCC during 2005, I was also familiar with the formal grievance mechanism known as the "Administrative Remedy Procedure," instituted for use by inmates housed at DWCC. My duties during the year 2005 included reviewing and evaluating information submitted by Correctional Officers in response to a request for administrative remedy lodged by an inmate housed at DWCC which involved claims of excessive force being used, as well as reviewing and evaluating all other information obtained through investigation, and then recommending a first step response to the request for administrative remedy.

10. At the request of the Attorney General's Office, I have reviewed the claims alleged in the lawsuit filed by Derrick Scott, DOC #126372, and the underlying Administrative Remedy Procedure (ARP) Number DWCC-2005-1017, a true and correct copy of which is attached hereto as Attachment B, and assert the following:

11. Derrick Scott, DOC #126372, was an inmate housed at DWCC when he filed ARP #DWCC-2005-1017, alleging unnecessary and excessive use of force against his person on July 10, 2005. I reviewed ARP #DWCC-2005-1017 submitted by inmate Scott. I also reviewed written correspondence submitted by DWCC Correctional Officers in response to the complaint lodged by inmate Stewart, along with DWCC's Use of Force Policy governed under the Department's Employee Policy Memorandum #02-01-005.

12. Upon review of all the information gathered in connection with ARP #DWCC-2005-1017, I concluded that inmate Scott's request for administrative intervention should be denied at the first step. Inmate Scott's complaint was believed to be without merit for the following reasons:

- The investigative information showed that on July 10, 2005, inmate Derrick Scott was housed in the N4 Housing Unit, a maximum security extended lockdown area.
- On the morning of July 10, 2005, DWCC Correctional Officers (Sergeant) Robert Davis and (Lieutenant) Roderick Malcolm, entered Tier C of the N4 Housing Unit to escort inmates housed on Tier C from the cell to the shower area. Correctional Officers Davis and Malcolm approached the cell of inmate Derrick Scott and ordered inmate Scott to come to the cell bar door to be restrained. Inmate Scott complied. Inmate Scott was then placed in restrains that consisted of handcuffs and leg-irons.
- On removing inmate Scott from his cell, Scott deliberately pushed Sergeant Davis without cause. Sergeant Davis and Lieutenant Malcolm immediately took inmate Scott to the floor in an attempt to gain control of the inmate and restore order. Inmate Scott struck the floor with his head and shoulder. Inmate Scott then began kicking, biting spitting and hitting at officers Davis and Malcolm. Other DWCC Correctional Officers, Sergeant Kidd, Lieutenant Sanders and Lieutenant Evans responded to provide assistance. Lieutenant Malcolm and Sergeant Kidd held inmate Scott's head back and to the side in an attempt to prevent his spitting and

biting them. Correctional Officers Sanders and Evans had inmate Scott's legs restrained in an attempt to prevent him from kicking. Sergeant Davis held inmate Scott's arms in an attempt to prevent him from striking.

- The information obtained showed that Correctional Officer (Captain) John Toffton was also radioed to provide assistance. Upon his arrival, Captain Toffton, gave inmate Scott several direct verbal orders to stop fighting. Correctional Officer Malcolm also gave inmate Scott several direct verbal orders to stop fighting. Inmate Scott refused to comply. As a result, inmate Scott was placed back in his cell and physically restrained until he stopped fighting. Scott's cell door was then closed.
- The information obtained showed that inmate Scott later complied with the previous orders to stop fighting. However, Captain Toffton notified DWCC Correctional Officer (Lieutenant Colonel) Danny Mills, the duty officer, and obtained his concurrence to place inmate Scott in the Violent Prisoner Restraint Chair for security purposes to protect staff.
- The information obtained also showed that DWCC Medical Personnel was notified. DWCC Nurse Grace Lee contacted Dr. Gereighty, who concurred with the use of the restraint chair. Captain Toffton took still photographs of inmate Scott and his visible injuries. Captain Toffton also ordered that the video camera be set up, and that inmate Scott be placed in the restraint chair. Inmate Scott was examined and treated by Nurse Grace Lee. Nurse Lee contacted DWCC Mental Health Specialist, Michelle Dauzat, as inmate Scott was on standard suicide watch at the time. Nurse

Lee also examined each correctional officer involved in the use of force with inmate Scott.

- Captain Toffton also notified affiant of the incident.
- After reviewing all the information associated with the incident of July 10, 2005 involving inmate Scott, I concluded that the incident occurred because inmate Scott physically assaulted DWCC Correctional Officers and failed to follow orders given by DWCC Correctional Officers to stop fighting. The actions taken by DWCC correctional officers on July 10, 2005, in the incident involving inmate Stewart, appeared to be well within the realm of DWCC's Use of Force Policy governed under the Department's Employee Policy Memorandum #02-01-005. Therefore, I recommended that no administrative intervention be taken at the first step of the administrative remedy procedure process.
- See Attachment B.

13. I have reviewed the claims alleged in the lawsuit of inmate Derrick Scott and assert the following:

(a) The DWCC's N4 Housing Unit is a maximum security extended lockdown area and many of the inmates in maximum security lockdown are considered to be dangerous and/or violent inmates;

(b) In order to maintain the security and good order of the prison (DWCC), it is important that the inmates restrain from making physical contact with DWCC employees. It is also important that the inmates follow all orders given. The security and good order of the prison are threatened any time an

inmate refuses to comply with an order from security officers. When an inmate deliberately hits or pushes a DWCC employee, Correctional Officers must then do what is necessary to defend themselves or others against such physical assault. If an inmate is given an order to stop fighting Correctional Officers, he must comply with that order. If the inmate refuses to comply, then Correctional Officers must do what is necessary in order to gain his compliance. (See Attachment A, p.5, sec. D(2)(b);

(c) On July 10, 2005, inmate Derrick Scott was housed in DWCC's N4 Housing Unit, a maximum security lockdown. Inmate Scott was considered to be a dangerous and disruptive inmate. Inmate Scott has been disruptive in the past, has been physically restrained in the past, has been written up numerous times, and has been known to cause problems;

(d) Inmate Scott's conduct on July 10, 2005 created a situation that could have resulted in serious physical injury if DWCC Correctional Officers had not brought the inmate under control and into compliance;

(e) The incident involving inmate Scott on July 10, 2005 could have been prevented if inmate Scott had not physically assaulted DWCC Correctional Officers;

(f) Any injuries sustained by inmate Scott during the incident that occurred on July 10, 2005 could have been prevented if inmate Scott had complied with direct verbal orders to stop fighting Correctional Officers;

(g) On July 10, 2005, DWCC Correctional Officers used Necessary Force against inmate Derrick Scott, who physically assaulted Correctional Officers

and refused to comply with orders to stop fighting, in accordance with DWCC's Use of Force Policy governed under the Department's Employee Policy Memorandum #02-01-005;

(g) On July 10, 2005, DWCC Correctional Officers used only the amount of physical force necessary to restore discipline following inmate Scott's physical assault on Correctional Officers and refusal to comply with several orders to stop fighting;

(h) At no time did DWCC Correctional Officers use excessive force against inmate Derrick Scott on July 10, 2005;

(i) At no time did DWCC Correctional Offices deny inmate Derrick Scott medical treatment on July 10, 2005.

The above facts are true and correct to the best of my knowledge, information and belief.

**WITNESSES:**

____________________________
SIGNATURE

____________________________
**RAY HANSON**

____________________________
PRINT

____________________________
SIGNATURE

____________________________
PRINT

**SWORN TO AND SUBSCRIBED** before me this _____ day of March, 2007, Homer, Louisiana.

____________________________
**NOTARY PUBLIC**

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **DERRICK SCOTT (DOC #126372)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2024-P** |
| **ROBERT DAVIS, ET AL.** | **JUDGE WALTER**<br>**MAGISTRATE JUDGE HORNSBY** |

*****************************************************************************

**STATE OF LOUISIANA**
**PARISH OF EAST BATON ROUGE**

# ***AFFIDAVIT***

**BEFORE ME,** the undersigned Notary, personally came and appeared

**KIMBERLEY LEMAIRE**

who, after first being duly sworn, did depose and say that:

She is employed as a Paralegal II for the Department of Public Safety and Corrections, (Department) Legal Services, Office of the Secretary.

The attached is a true and exact copy of the administrative proceedings, as maintained in the normal course of business by the Department of Public Safety and Corrections, regarding **ADMINISTRATIVE REMEDY PROCEDURE NO. DWCC-05-1017** filed by Petitioner **DERRICK SCOTT, DOC #126372,** in connection with the above-captioned matter.

B

The above is true and correct to the best of her information, knowledge and belief.

Kimberley Lemaire

KIMBERLEY LEMAIRE

**SWORN TO AND SUBSCRIBED** before me, Notary, on this 7th day of July, 2006, at Baton Rouge, Louisiana.

William L. Kline

WILLIAM L. KLINE
NOTARY PUBLIC
State of Louisiana
LA Bar #17009
My Commission expires at death

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: DWCC-2005-1017

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: Scott, Derrick 126372
Inmate Name and Number

DWCC
Living Unit

Response to Request Dated 09/24/2005, Received in this Office on 10/04/2005:

Your request for administrative review of ARP #DWCC-2005-1017 has been received. Your statement has been reviewed and considered. All the pertinent documentation surrounding your request has been received. None of the documents support your allegations. Through your own actions, staff was forced to use only the amount of force necessary to bring you into compliance with the verbal orders issued to you by staff. It has been determined that the First Step Response prepared by the staff is clear and concise and thoroughly addressed your concerns. Therefore, there is no indication that administrative intervention is warranted.

Your request is denied.

10-31-05
Date

Linda Ramsey
Secretary's Signature or His Designee

SL

CASE NUMBER: DWCC-2005-1017

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: Scott, Derrick 126372 N3C
Living Quarters

Response to request dated , received in this office on 08/22/2005

I have reviewed your complaint against:

C/Capt. John Toffton, C/Lt. Sanders, C/Lt. Malcolm, C/Lt. Evans, C/Sgt. Kidd, C/Sgt. Davis.
I have requested written and received written correspondence from the listed officers.
I have reviewed the use of force reports of the incident of 10 July 2005.
In his statement C/Capt. Toffton adamantly denies witnessing any officer strike you. He further asserts that the officers present only used the force necessary to prevent your attacking them. He further asserts that your injuries were a result of your fighting and resisting staff. He states that he always conducts himself in a professional manner.
In his statement C/Lt. Evans adamantly denies having witnessed any officer using excessive force against you. He further asserts that C/Capt Toffton and he did not stand by and watch you get kicked, stomped, or struck with a radio. He further asserts that you attempting to fight the staff.
In his statement C/Lt. Malcolm adamantly denies having used excessive force against you. He further states that he never saw any other officer use excessive force against you. He further denies having struck you with his radio.
In his statement, C/Lt. Sanders adamantly denies having used excessive force, or witnessed any other officer using excessive force against you. He asserts that only the force needed to control the situation was used.
In his statement C/Sgt. Davis adamantly denies having stated to you "I don't give a fuck about no law" or got into a heated argument with any inmate concerning law. C/Sgt. Davis adamantly denies having hit you, or witnessing any other officer using excessive force against you. He asserts that only the force needed was used to gain control of the situation. He further asserts that he always conducts himself in a professional manner.
In his statement, C/Sgt. Kidd adamantly denies having used excessive force or witnessing any other officer using excessive force against you. He asserts that only the force needed to gain control of you was used. During my review I did not find a single piece of evidence to discredit the staff version. I also noted that you did not provide s single shred of tangible evidence to support you claim.
Due to the above mentioned findings, the following decision has been made. Your complaint is considered to be without merit. Therefore, no administrative intervention is planned at this level.

Prepared by: [signature]

24Sept05
Date

[signature] DW/ for
Unit Head

**Instructions to Inmate:** If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason: See Attached Sheet

9/27/05
Date

Inmate's Signature DOC# 126372

CASE NUMBER: DWCC-2005-1017

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

FROM: Scott, Derrick 126372

N3C
Living Quarters

I am not satisfied with this response and wish to Proceed to Step Two.
Reason:

The Court held that once the inmate was handcuffed, he no longer Posed a threat and the Continued application of force by defendants Constituted a Violation of the inmate Eighth Amendment rights under 42 U.S.C.S. § 1983 See. SMITH v. DOOLEY 591 F. SUPP. 1157; 1984 U.S. Dist.

I was handcuffed attaching the handcuffs to a waist chain/black box over the handcuffs and foot shackles. so it would be totally impossible for me to attack anyone or do any fighting or do any resisting staff or Pose any threat to anyone. While in full restraints. See copy of inmate write up for reference that inmate Scott was already in fully restraints when Scott Come out his Cell.

Sept 27, 2005

Derrick Scott #126372

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: DWCC-2005 -1017

TO: Derrick Scott 126372 — Offender's Name and Number

N3C — Living Quarters

07/09/2005
Date of Incident

X ACCEPTED: This request comes to you from the Wardens Office. A response will be issued within 40 days of this date.

REJECTED: Your request has been rejected for the following reason(s):

08/30/2005
Date

Becky Moss
Warden's Signature or Designee

DWCC-2005-1017

RE: Scott, Derrick 126372

LOCATION: N3C -14

I hearby acknowledge receipt of form ARP - 1 regarding request for remedy number: DWCC-2005-1017 .

RECEIVED BY: Derrick Scott 126372

DATE RECEIVED: 8/1/05

DELIVERED BY: [signature]

I hearby acknowledge receipt of form ARP - 2 regarding request for remedy number: DWCC-2005-1017 .

RECEIVED BY: ________________

DATE RECEIVED: ________________

DELIVERED BY: ________________

I hearby acknowledge receipt of form ARP - 3 regrading request for remedy number: DWCC-2005-1017 .

RECEIVED BY: ________________

DATE RECEIVED: ________________

DELIVERED BY: ________________

I hearby acknowledge receipt of form ARP - 4 regrading request for remedy number: DWCC-2005-1017 .

RECEIVED BY: ________________

DATE RECEIVED: ________________

DELIVERED BY: ________________

DWCC 282

# David Wade Correctional Center
## Review of Use of Force

---

**Source of Information:** **U.O.R.** **XXXX** **Allegation from Inmate:** ____________

Other (Specify):

---

**Statement of Review:**

I have reviewed the Use of Force concerning Inmate Derrick Scott #126372 which occurred on 10 July 05 at approximately 0130 hrs. in the N-4 Cellblock C Tier.

---

**Conclusion:**

After a review of the incident, only the force necessary was used to bring the situation under control within the realm of E.P.M. 02-01-005, Use of Force.

---

**Recommended Action:**

None.

**Ray Hanson, Corr/Lt. Col.**
**South Compound Unit Manager**

11 July 05
**Date**

Original: Chief Deputy Warden
xc: South Compound Unit Manager
South Classification Specialist

Form: DWCC 56

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
**DAVID WADE CORRECTIONAL CENTER**

VENETIA MICHAEL, WARDEN

RICHARD STALDER, SECRETARY

# UNUSUAL OCCURRENCE REPORT

| Name | DERRICK SCOTT | Number | 126372 | Housing | N4C | Date of Incident | 10 July 2005 | Time | Approx. 01:30 hours |
|---|---|---|---|---|---|---|---|---|---|
| Location of Incident | | N4C | | | | Witnesses | Listed below on first line | | |
| Type of Incident | Assault on Staff Addendum | | | | | | | | |

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

Witnesses: C/Capt. John Toffton, C/Lt. Roderick Malcolm, C/Lt. Chris Evans, C/Lt. Cale Sanders, C/Sgt. Robert Davis, C/Sgt. Kevin Kidd, Nurse Grace Lee.

On 10 July 2005 at approximately 01:30 hours, I was notified by C/Lt. Malcolm to 10-19 N4. On arriving I found inmate Derrick Scott #126372 struggling with C/Lt. Malcolm, C/Lt. Evans, C/Lt. Sanders, C/Sgt. Davis, C/Sgt. Kidd. I retrieved a can of Deep Freeze from the key room and responded to the tier. I clearly saw inmate Scott attempting to strike the officers, spit, kick and bite at the officers. C/Sgt. Kidd and C/Lt. Malcom was holding inmate Scotts head back and to the side to prevent his spitting and biting them. C/Lt. Sanders and C/Lt. Evans had inmate Scott's legs restrained to prevent him from kicking. C/Sgt. Davis had inmate Scott's arms to prevent him from striking. I gave inmate Scott a direct verbal order to stop fighting the officers. He refused to comply. Due to the close proximity of the officers and the risk of incompacitating them, I could not use chemical agent at that time. Inmate Scott was physically placed back in his cell physically restrained until he stopped resisting. The cell door was closed. Inmate Scott then followed all orders given. I notified C/Lt. Col. Danny Mills, the duty officer, at 01:34 hours and gain his concurrance with the use of the Violent Prisoner Restraint Chair for security purposes to protect staff. Nurse Lee contacted Dr. Gereighty, who at 02:20 hours concurred with the use of the restraint chair. Nurse Lee examined inmate Scott. I took several still photographs of inmate Scott of his visible injuries. The video camera was setup and inmate Scott was placed in the restraint chair at 02:30 hours. Nurse Lee then treated inmate Scott and checked his restrains. Nurse Lee contacted Mental Health, Ms. Dauzat, as inmate Scott is currently on standard suicide watch.

Nurse Lee then examined each officer involved in the use of force with inmate Scott.

On questioning C/Lt. Malcolm concerning the incident, he stated that C/Sgt. Davis and himself had restrained inmate Scott and removed him from his cell for shower as required by inmate posted policy #53. Inmate Scott then deliberately pushed C/Sgt. Davis. C/Lt. Malcolm and C/Sgt. Davis then took inmate Scott to the floor in order to control him. C/Sgt. Kidd assisted. C/Lt. Malcolm then radioed me for assistance, C/Lt. Sanders was present in the cell block and responded to assist. C/Lt. Evans responded to N4 to assist. C/Lt. Malcolm stated to me that inmate Scott attempted to strike with his restrained hands, and spit and bit at, and kick the officers as they physically restrained him.

Warden Huff and C/Lt. Col.. Hanson was also notified. C/Lt. Col. Hanson authorized the use of the food loaf program.

John Toffton C/Capt.

**REPORTING OFFICER**

7/15/2005

**DATE COMPLETED**

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
CHIEF OF SECURITY
UNIT MAJOR
DEPARTMENT HEAD

3:33 AM

**TIME**

**REVIEWED BY**

Form: DWCC 56

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
**DAVID WADE CORRECTIONAL CENTER**

VENETIA MICHAEL, WARDEN

RICHARD STALDER, SECRETARY

# UNUSUAL OCCURRENCE REPORT

| Name | DERRICK SCOTT | Number | 126372 | Housing | N4C | Date of Incident | 10 July 2005 | Time | Approx 01:30 hours |
|---|---|---|---|---|---|---|---|---|---|
| Location of Incident | | N4C | | | | Witnesses | Listed on previous report | | |
| Type of Incident | Assault on Staff Addendum | | | | | | | | |

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

Information not included in previous reports:

On the above date and approximate time, I C/Lt. Malcolm and C/Sgt. Davis restrained inmate Derrick Scott #126372 for his shower and removed him from his cell. As we exited the cell he pushed C/Sgt. Davis. Both C/Sgt. Davis and myself then took inmate Scott to the floor. We fell to the concrete floor, I struck my left arm against the floor, inmate Scott struck the floor with his head, and shoulder. I called for assistance via radio. Inmate Scott then started biting and kicking and hitting and spitting at us. I gave inmate Scott several orders to stop fighting, and he refused to comply. I pushed his head back to prevent him from biting me, and to the side to prevent him from spitting on me.C/Sgt. Davis grabbed inmate Scotts arms to prevent him from striking us. C/Sgt. Kidd assisted me in holding his head from spitting and biting. C/Lt. Sanders arrived and grabbed inmate Scott's legs to prevent him from kicking. C/Lt. Evans arrived with C/Capt. Toffton and they assisted in moving inmate Scott back in his cell. He was then held in place for a period of approximately a thirty seconds until he stopped fighting. The cell door was closed and inmate Scott then complied with all orders given.

C/Lt Roderick Malcolm
[signature]
**REPORTING OFFICER**

7/15/2005
**DATE COMPLETED**

2:53 AM
**TIME**

[signature]
**REVIEWED BY**

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
CHIEF OF SECURITY
UNIT MAJOR
DEPARTMENT HEAD

Form: DWCC 56

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
**DAVID WADE CORRECTIONAL CENTER**

VENETIA MICHAEL, WARDEN

RICHARD STALDER, SECRETARY

# UNUSUAL OCCURRENCE REPORT

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name | DERRICK SCOTT | Number | 126372 | Housing | N-4-C | Date of Incident | 10 July 05 | Time | 01:30 hrs. |
| Location of Incident | | N-4-C-Tier | | | | Witnesses | Lt. Malcolm, Lt. Sanders, Sgt. Davis,Sgt. Kidd, Capt. Toffton | | |
| Type of Incident | Assault on Staff Addendum | | | | | | | | |

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

At approximately 01:30 hrs. on 10 July 2005, I Lt. Evans, responded to a radio call to 10-19 N-4. Once I arrived, I found Lt. Malcolm, Lt. Sanders, Sgt. Davis, and Sgt. Kidd on the tier floor, struggling to get inmate Derrick Scott #126372 under control. I grabbed inmate Scott by the legs and held them along with Lt. Sanders to prevent him from kicking. Lt. Malcolm had inmate Scott's head held back and to the side to help prevent him from spitting at us. Sgt. Kidd was assisting Lt. Malcolm with the positioning of inmate Scott's head. Sgt. Davis had inmate Scott by the arms and was helping hold inmate Scott down. Several orders were given to stop resisting but inmate Scott refused to comply. Capt. Toffton arrived and gave inmate Scott a direct verbal order to stop fighting the officers, but he continued to resist. Inmate Scott was lifted from the floor, placed back in his cell, and physically restrained until he stopped resisting. Inmate Scott then started following the orders given by security. Inmate Scott was seen by Nurse Lee and treated for injuries. The proper personnel were notified and it was ordered that inmate Scott be placed in the Violent Prisoner Restraint Chair. Polaroid pictures were taken, and inmate Scott was video taped being placed in the restraint chair.
All officers involved were seen by the nurse.

Chris Evans C/Lt.
Chris Evans C/Lt
**REPORTING OFFICER**

7/15/2005
**DATE COMPLETED**

4:21 AM
**TIME**

**REVIEWED BY**

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
CHIEF OF SECURITY
UNIT MAJOR
DEPARTMENT HEAD

Form: DWCC 56

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
**DAVID WADE CORRECTIONAL CENTER**

VENETIA MICHAEL, WARDEN

RICHARD STALDER, SECRETARY

# UNUSUAL OCCURRENCE REPORT

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name | DERRICK SCOTT | Number | 126372 | Housing | N4C | Date of Incident | 10 July 2005 | Time | Approx 01:30 housr |
| Location of Incident | N4C | | | | | Witnesses | Listed on previous report | | |
| Type of Incident | Assault on Staff<br>Addendum | | | | | | | | |

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

Information not included in previous report:

On the above date and approximate time, when I C/Lt Sanders arrived on N4C tier, I saw inamte Derrick Scott #126372 on the tier floor struggling with C/Lt. Malcolm, and C/Sgt. Kidd, and C/Sgt. Davis. I saw that inamte Scott was attempting to kick C/Lt. Malcolm. I grabbed inmate Scott's legs and wrapped both arms around them to prevent him from kicking. Inmate Scott continued to try to free his legs from my arms. At this time C/Lt. Evans and C/Capt. Toffton arrived. Lt. Evans then assisted me with holding inmate Scott's legs. We then moved inmate Scott back into his cell and held him until he stopped resisting. We then exited the cell and the door was closed. He then complied with all orders given to him.

C/Lt. Cale Sanders
[signature]
**REPORTING OFFICER**

7/15/2005
**DATE COMPLETED**

3:18 AM
**TIME**

[signature]
**REVIEWED BY**

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
CHIEF OF SECURITY
UNIT MAJOR
DEPARTMENT HEAD

Form: DWCC 56

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
**DAVID WADE CORRECTIONAL CENTER**

VENETIA MICHAEL, WARDEN

RICHARD STALDER, SECRETARY

# UNUSUAL OCCURRENCE REPORT

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Name | DERRICK SCOTT | Number | 126372 | Housing | N4C | Date of Incident | 10 July 2005 | Time | Approx 01:30 hours |
| Location of Incident | | N4C | | | | Witnesses | Listed Below | | |
| Type of Incident | | Assault on Staff | | | | | | | |

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

Witnesses: C/Capt. Toffton, C/Lt. Malcolm, C/Lt. Sanders, C/Lt. Evans, C/Sgt. Kidd, C/sgt. Davis.

On the above date and approximate time, while showering inmates on posted policy #53, C/Lt. Malcolm and myself restrained inmate Derrick Scott #126372 with handcuffs and legirons. On removing him from his cell, he deliberately pushed me. C/Lt. Malcolm and myself then took him to the floor. He started kicking, biting, spitting, and hitting at us. C/Sgt. Kidd, and C/Lt. Sanders, and C/Lt. Evans, and C/Capt. Toffton all responded to assist. C/Lt. Malcolm and C/Capt. Toffton gave him several orders to stop fighting, which he refused to comply. He was placed in his cell and physically restrained until he stopped fighting. The cell door was then closed. He then complied with all orders given. C/Lt. Col. Mills authorized his being placed in the restraint chair. Nurse Lee was notified and examined and treated inmate Scott. The video camera was setup and he was placed in the restraint chair. C/Capt. Toffton took pictures on inmate Scott's injuries.

C/Sgt. Robert Davis
Sgt R. Davis
**REPORTING OFFICER**

7/10/2005
**DATE COMPLETED**

6:25 AM
**TIME**

**REVIEWED BY**

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
CHIEF OF SECURITY
UNIT MAJOR
DEPARTMENT HEAD

Form: DWCC 56

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
**DAVID WADE CORRECTIONAL CENTER**

VENETIA MICHAEL, WARDEN

RICHARD STALDER, SECRETARY

# UNUSUAL OCCURRENCE REPORT

| Name | DERRICK SCOTT | Number | 126372 | Housing | N4C | Date of Incident | 10JULY05 | Time | 1:30 |
|---|---|---|---|---|---|---|---|---|---|
| Location of Incident | N4C | | | | | Witnesses | LT. MALCOLM SGT. DAVIS LT. SANDERS LT. EVANS CAPT. TOFFTON NURSE LEE | | |
| Type of Incident | Assault on Staff | | | | | | | | |

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

ON THE ABOVE DATE AND TIME I, C/SGT. KIDD WAS RUNNING THE C-TIER PANEL BOX WHILE OPENING CELL #2 WHICH HOUSES INMATE DERRICK SCOTT #126372 FOR HIS SHOWER I, SGT. KIDD CLEARLY SAW INMATE SCOTT PUSHED SGT. DAVIS AS HE WAS BEING ESCORTED TO THE SHOWER. LT. MALCOLM AND SGT. DAVIS IMMEDIATLEY TOOK INMATE SCOTT TO THE FLOOR. I, SGT. KIDD IMMEDIATLEY CLOSED THE PANEL BOX AND ASSISITED RESTRAINING INMATE SCOTT. INMATE SCOTT CONTINUED TO FIGHT BY BITING, KICKING, HITTING AND SPITTING. WHILE I SGT. KIDD GAVE ORDERS TO STOP FIGHTING. INMATE SCOTT FLATLEY REFUSED. LT. MALCOLM NOTIFIED THE CAPTAIN ON THE RADIO TO 10 -19 N4. LT. SANDERS, LT. EVANS, AND CAPT. TOFFTON ARRIVED. INMATE SCOTT WAS PLACED BACK IN HIS CELL AND WAS PHYSICALLY RESTRAINED UNTIL HE COMPLIED TO ALL ORDERS. I THEN CLOSED THE CELL DOOR.NURSE LEE WAS NOTIFIED AND EXAMINED INMATE SCOTT. HE WAS LATER PLACED IN THE RESTRAINT CHAIR PER SECURITY REASONS.

KEVIN KIDD SGT.
[signature]
**REPORTING OFFICER**

7/10/2005
**DATE COMPLETED**

06:40
**TIME**

[signature]
**REVIEWED BY**

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
CHIEF OF SECURITY
UNIT MAJOR
DEPARTMENT HEAD

DWCC Form #56 (EMP #01-01-009) (Revised 3/02)

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER

# UNUSUAL OCCURRENCE REPORT

VENETIA T. MICHAEL, WARDEN

RICHARD L. STALDER, SECRETARY

| NAME | NUMBER | DORM | DATE OF INCIDENT | TIME |
|---|---|---|---|---|
| Derrick Scott | 126372 | N4 | 10 July 05 | 1:30 |

| LOCATION OF | WITNESSES |
|---|---|
| N4C | Lt. Malcolm, Sgt Davis, Lt. Sanders, Lt. Evans, Capt Toffton, Nurse Lee |

TYPE OF INCIDENT (CHECK ONE)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ✓ | ASSAULT ON STAFF | | MAJOR | | ROOF SHAKEDOWN | | PROTECTION | | MAINTENANCE |
| | AGG. SEX OFFENSE | | SEX OFFENSE | | SHIFT SHAKEDOWN | | VIOLENT DEATH | | REPAIR REQUEST |
| | AGG. FIGHT | | USE OF FORCE | | FRONT GATE | | DEATH DUE TO | | FENCE CHECK |
| | FIGHT | | MINOR | | MATTRESS | | MENTAL HEALTH | | WEEKLY INSPECTION |
| | ESCAPE | | SEARCH OF INMATE | | GROUNDS | | MEDICAL | | MONTHLY INSPECTION |
| | CONTRABAND | ✓ | OTHER Addendum | | | | | | |

☐ CHEMICAL AGENTS USED ☐ MECHANICAL RESTRAINTS USED

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

On the above date and time I, Sgt Kidd was running the C-Tier Panel box while opening cell #2 which House inmate Derrick Scott #126372 for his shower. I Sgt Kidd clearly saw inmate Scott pushed Sgt Davis as he was being escorted to the shower Lt. Malcolm and Sgt Davis immediately took inmate Scott to the floor I Sgt Kidd immediately closed the Panel box and assisted restraining inmate Scott. Inmate Scott continued to fight by biting kicking and spitting. I Sgt Kidd along with Lt. Malcolm pushed his head back to prevent him from biting Lt. Malcolm and myself and to the side to prevent him from spitting on us, I Sgt Kidd gave orders to stop fighting. Inmate Scott flatley refused Lt. Malcolm notified the captain on the Radio to 10-19 N4. Lt. Sanders, Lt Evans, and Capt Toffton arrived. Inmate Scott was placed back in his cell and was physically restrained until he complied to all orders. I then closed the cell door. Nurse Lee was notified and examined inmate Scott. He was later placed in the restraint chair per security Reason.

Information not included in previous reports.

[signature]
Reporting Officer

7/15/05
Date Completed

~~06:40~~ KK 3:30 A.M.
Time

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
ASST. WARDENS
LT. COLONELS
UNIT MAJORS
DEPARTMENT HEADS
SAFETY OFFICER (WHEN APPLICABLE)

Form: DWCC 56

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER

VENETIA MICHAEL, WARDEN

RICHARD STALDER, SECRETARY

# UNUSUAL OCCURRENCE REPORT

| Name | DERRICK SCOTT | Number | 126372 | Housing | N4 C2 | Date of Incident | JULY 10,2005 | Time | 0125 |
|---|---|---|---|---|---|---|---|---|---|
| Location of Incident | | N4 C2 | | | | Witnesses | | | |
| Type of Incident | ~~Agg. Sex Offense~~ USE OF FORCE | | | | | | | | |

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

ON THE ABOVE DATE AND APPROXIMATED TIME, I/M DERRICK SCOTT #126372 WAS SEEN AND EXAMINED. THE FOLLOWING INJURIES NOTED: FOREHEAD KNOT APPROX. 6CM WITH BRUISING, ABRAISON ALONG HAIRLINE ON RIGHT SIDE OF HEAD, ABRAISON ON RIGHT CHEEK AND RIGHT EAR, BRUISING NOTED TO RIGHT SHOULDER, LEFT EYE SWOLLEN AND BRUISED, RIGHT SIDE OF UPPER LIP SWOLLEN WITH ABRASION. ALL WOUNDS CLEANED WITH NORMAL SALINE AND TRIPLE ANTIBIOTIC OINTMENT APPLIED. I/M DERRICK SCOTT DENIES ANY PAIN OR DISCOMFORT AT THIS TIME. DR. GEREIGHTY NOTIFIED FOR CONCURRENCE FOR THE RESTRAINT CHAIR FOR SECURITY PURPOSE. I/M SCOTT WAS PLACED IN RESTRAINT CHAIR AT APPROX. 0230. ALL STRAPS SECURED AND CHECKED. PULSES PALPABLE TO ALL EXTREMITIES. VITAL SIGNS TAKEN. NO SIGNS OR SYMPTOMS OF DISTRESS NOTED. AT 0251 M. DAUZAT OF MENTAL HEALTH NOTIFIED.

[signature]
REPORTING OFFICER

7/10/05
DATE COMPLETED

0125
TIME

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
CHIEF OF SECURITY
UNIT MAJOR
DEPARTMENT HEAD

[signature]
REVIEWED BY

DWCC Form #56 (EMP #01-01-009) (Revised 3/02)

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER

# UNUSUAL OCCURRENCE REPORT

VETIA T. MICHAEL, WARDEN — RICHARD L. STALDER, SECRETARY

| NAME | NUMBER | | DORM | | DATE OF INCIDENT | TIME |
|---|---|---|---|---|---|---|
| Lt. Roderick Malcolm<br>Lt. Cale Sanders, | | | | | 7/10/05 | 0125 |

| Name (LOCATION OF) | | WITNESSES | |
|---|---|---|---|
| | Sgt. Robert Davis<br>Sgt. Kevin Kidd | | |

TYPE OF INCIDENT (CHECK ONE)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | ASSAULT ON STAFF | | MAJOR | | ROOF SHAKEDOWN | | PROTECTION | | MAINTENANCE |
| | AGG. SEX OFFENSE | | SEX OFFENSE | | SHIFT SHAKEDOWN | | VIOLENT DEATH | | REPAIR REQUEST |
| | AGG. FIGHT | | USE OF FORCE | | FRONT GATE | | DEATH DUE TO | | FENCE CHECK |
| | FIGHT | | MINOR | | MATTRESS | | MENTAL HEALTH | | WEEKLY INSPECTION |
| | ESCAPE | | SEARCH OF INMATE | | GROUNDS | X | MEDICAL | | MONTHLY INSPECTION |
| | CONTRABAND | | OTHER | | | | | | |

☐ CHEMICAL AGENTS USED ☐ MECHANICAL RESTRAINTS USED

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

On the above date & time, the following employee were seen & examined by medical for injuries after altercation c̄ inmate. Lt. Roderick Malcolm's (R) forearm has noted swelling & scratches & (L) thumb swollen & hurting. Sgt. Robert Davis, Lt. Cale Sanders & Sgt. Kevin Kidd shows Ø visible injuries & denies any discomfort @ this time.

[signature]
Reporting Officer

7/10/05
Date Completed

0135
Time

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
ASST. WARDENS
LT. COLONELS
UNIT MAJORS
DEPARTMENT HEADS

DWCC Form: 364

DAVID WADE CORRECTIONAL CENTER
Department of Corrections
670 Bell Hill Road
Homer, Louisiana 71040

DECISION FORM - POSTED POLICY #53
(Inmates Who Engage in the Throwing of Substance)

Name: Derrick Scott DOC #: 126372 Date: 10 July 05

The WCC Posted Policy #53 Review Board, after due consideration of all circumstances, has decided:

XXXX a. To implement Posted Policy #53 because: Documented Pattern

XXXX b. To implement Posted Policy #62 (Food Loaf Program) because: From: 10 July 05 To: 16 July 05

_____ 1. Throw human waste, including spittle, onto other inmates and/or free people.
Comments: _____

_____ 2. Throw food or other substances onto another person (inmate and/or free person.)
Comments: _____

_____ 3. Throw substances, liquid or solid, onto cell walls/floor or onto tier walls/floor or any other component of the cell/tier.
Comments: _____

XXXX 4. Other: Inmate physically shoved Sgt. Davis

_____ c. To continue Posted Policy #53 because of disciplinary behavior.
Comments: _____

_____ d. To release from Posted Policy #53 and return to regular disciplinary detention extended lockdown status.

Note: PP#53 is to be a continuation
Inmate is currently on PP#53

Verbal Approval Lt. Col. Hanson @ 0445hrs

Classification: Jamie Fussell, ARDC Spec.

Unit Manager: Ray Hanson, Lt. Col.

Medical: Grace Lee, LPN

Approved:
Warden: Jerry Goodwin, Deputy Warden

Distribution: Original/Case File
Inmate
Classification

Form #419
EMP #02-01-030

# Restraint Chair Security Review

Name: Derrick Scott DOC #: 126372 Date: 10 July 05

Date/Time inmate placed in restraint chair:

Date: 10 July 05 Time: 0230hrs

XXXX Continue use of restraint chair because:

_____ Inmate behavior continuing to pose potential harm to himself or others.

XXXX Inmate behavior continuing to be violent in nature.

Specify: Inmate continues to threaten staff

_____ Discontinue use of restraint chair because:

_____ Inmate has improved behavior.

_____ Inmate no longer poses a threat to himself or others.

Comments _____

Reviewed by Shift Supervisor: John Toffton, Corr. Captain

Date: 10 July 05 Time: 0450hrs

Concurence by: (Unit Manager/Duty Officer) Ray Hanson, Lt. Col.

Date: 10 July 05 Time: 0450hrs

xc: All Wardens
Unit Manager
Master Record

12 Sept 2005

To: C/Lt. Col. Ray Hanson
From: C/Capt. John Toffton
Re: Derrick Scott #126372, ARP DWCC-05-1017

Sir;

Inmate Scott's accusations that on 9 July 2005 he was beaten by C/Sgt. Kidd, C/Sgt. Davis, C/Lt. Malcolm, C/Lt. Sanders, while C/Lt. Evans and I watched is completely untrue. During my course of duty, I conduct myself professionally at all times. As a shift supervisor, I correct any and all violations of rules and policies and laws by my staff. At no time have I stood and watched while an officer beat on an inmate. At no time have I seen an officer that I am responsible for supervising, violate an inmate's rights in such a manner as inmate Scott states. At no time did the listed officers use any force beyond what was necessary, or justifiable against inmate Scott. At no time did C/Lt. Malcolm beat inmate Scott with his radio. The listed officers never struck inmate Scott. They only held him in order to prevent him from attacking them.

In his ARP, inmate Scott references a Use of Force incident on 10 July 2005, involving him and the listed officers. In the incident inmate Scott initiated by attacking C/Sgt. Davis by pushing him. C/Lt. Malcolm and C/Sgt. Davis then took inmate Scott to the floor in order to control him and prevent his further attack. Inmate Scott continued to attack by kicking, biting, hitting, and spitting. Only after C/Sgt. Kidd, C/Lt. Evans, C/Lt. Sanders, and myself assisted in placing inmate Scott in his cell and closing the door did he stop fighting.

All of inmate Scott's injuries came from his striking the floor and continuing to fight against staff.
I have attached the Use of force reports from the incident of 10 July 2005, along with the Use of Force Review by the Unit Manager for your review.

John Toffton C/Capt.

To: Col. Hanson
From: Lt. Evans
Date: 12 Sept. 05
Ref: DWCC-05-1017

At approximately 01:30 hrs., on 10 July 05, I Lt. Evans, responded to a radio call to 10-19 N-4. Once I arrived, I found Lt. Malcolm, Lt. Sanders, Sgt. Davis, and Sgt. Kidd on the tier floor, struggling to get inmate Derrick Scott #126372 under control. I grabbed inmate Scott by the legs and held them along with Lt. Sanders to prevent him from kicking. Lt. Malcolm had inmate Scott's head held back and to the side to help prevent him from spitting on us. Sgt. Kidd was assisting Lt. Malcolm with the positioning of inmate Scott's head in order to help keep inmate Scott from spitting on us. Several orders were given to inmate Scott to stop resisting, but he refused to comply.

Only the amount of force necessary was used to gain compliance.

I arrived moments before Capt. Toffton arrived, and I never wittnessed any the above officers using excessive force on inmate Scott.

The accusations by inmate Scott are totally untrue.

Capt. Toffton and I, did not just stand by and watch while inmate Scott was kicked, stomped, or hit with a walkie talkie radio.

I would not allow any officer in my presence to use excessive force. This includes lower ranking or higher ranking officers. If any of the above officers had have used excessive force, I would have stopped them and then I would have reported them per policy.

Chris Evans C/Lt.

Chris Evans LT

To: Lt. Col. Hanson
From:Lt . Malcolm
RE: Response to D.W.C.C.-05 –1017 ARP
Date: September 14, 2005

I, Lt. Malcolm along with Sgt. Davis and Sgt. Kidd was conducting showers for IPP#53 Inmates in N-4 cellblock. When I approached cell #2 Inmate Scott's cell at know time did Inmate Derrick Scott #126372 inform me that Sgt. Davis had threaten to inflict bodily harm to him or even that they had an argument. At know time did I state " I have nothing to do with that Sgt.". I, along with Sgt. Davis ordered Inmate to place his hands through the tray hatch to be handcuffed in the front per policy for his shower, Inmate Scott complied. At this time Inmate Scott showed any signs of belligerent behavior. I then ordered Inmate Scott to face the wall and catch his knees, Inmate Scott complied. I then ordered Sgt. Kidd to open the cell door and leg irons were placed on him. As Sgt. Davis and I was exiting his cell Inmate Derrick Scott #126372 pushed Sgt. Davis belligerently. I, Lt. Malcolm along with Sgt. Davis immediately took Inmate Scott to the floor. We fell to the concrete floor, I struck my left arm against the floor, Inmate Scott struck the floor with his head and shoulder. I called for assistance via radio. Inmate Scott then started biting, kicking, hitting and spitting at security. .Inmate Scott was given several direct verbal orders to stop resisting, in which he flatly refused. At know time did I strike Inmate Scott with my radio in his eye or on the head nor his neck his allegations or false. I, Lt. Malcolm pushed his head back to prevent him from biting me and spitting on me. At no time did I, Lt. Malcolm, Lt. Sanders, Sgt. Davis, and Sgt. Kidd use excessive force on Inmate Scott. At know time did Lt. Sanders and Sgt.,. Kidd kick Inmate Scott in his back, ribs, head or any where else .At Know time did Sgt. Davis punch Inmate Scott in the nose, mouth and jaw with a closed fist. At know time did we use excessive or unnecessary force on Inmate Scott. Only necessary force was used to gain control of Inmate Scott's aggressive and threatening behavior .I, Lt. Malcolm conduct and perform all my duties in a professional manner.

Roderick Malcolm C/Lt.

RM

to: Lt. Col. Hanson
from: Lt. Sanders
re: A.R.P. #DWCC-05-1017 response

On July 10, 2005 I, Lt. Sanders at no time kicked inmate Derrick Scott #126372. No. I at no time used excessive or unnecessary force on this inmate. Furthermore, I did not witness any of the other officers listed use unnecessary or excessive force. Only the force necessary was used to bring the situation under control.

Cole Sanders C/Lt.

Date: 14 Sept 05
To: Col Hanson
From: Robert Davis c/sgt
Re: ARP DWCC-05-1017

On July 9, 2005 while conducting showers for IPP #53 inmates in N4 cellblock. While making rounds on N4 C&D tiers at no time did, I sgt Davis over hear inmate Scott Derrick #126372 and another inmate discussing any law concerning some legal issues. I, sgt Davis have never stated "I don't give a fuck about no law or got into a heated argument with any inmate concerning law. I Sgt Davis at no time have never threaten or plan to inflict bodily harm upon inmate Scott. I sgt Davis along with Lt Malcolm, Lt Sandlers and Sgt Kidd have never punch, kick or hit any inmates at DWCC. At know time did we use excessive or unnecessary on inmate Scott. Only necessary force was used to gain control of inmate Scott aggressive and threatning behavior. I sgt Davis always perform and conduct myself in a professional manner.

Robert Davis c/sgt

To: Col Hanson
From: Kevin Kidd (South-D) Sgt
Date: 9-14-05
Re: ARP to DWCC-05-1017

On the above date and approximate time. I Sgt Kidd was running the c-tier Panel box while opening cell #2 which house inmate Derrick Scott #126372 for his shower. I Sgt Kidd clearly saw inmate Scott pushed Sgt Davis as he was being escorted to the shower. Lt. Malcolm and Sgt Davis immediatly took inmate scott to the floor and I Sgt Kidd immediatly closed the Panel box and assisted restraining inmate scott. Inmate Scott continued to fight by biting kicking and spitting. I Sgt Kidd along with Lt. Malcolm pushed his head to the side to prevent him from spitting on us, I Sgt Kidd gave order to stop fighting Inmate scott flatly refused my orders. Lt. Malcolm gave orders to stop fighting inmate Scott refused his orders. At know time did I Sgt Kidd, Lt. Malcolm, Sgt Davis, Lt. Sanders use excessive force on Inmate Scott. Only the amount of forces used to get inmate scott gain control. At no time did I see Sgt Davis punching, hitting or kicking inmate Scott in the mouth nose, or in the Jaw. At no time did Lt. Malcolm hitting inmate Scott in the mouth with his walkie talkie or in the eyes, head. At no time did I Sgt Kidd along with Lt. Sanders run up and kicking inmate Scott in the back, ribs, or several time in the head. At no time did Lt. Malcolm hit inmate scott serveral more time with the walkie talkie while he was on the floor. And at no time did captain Tolliver and Lt. Evans just watch me Sgt Davis, Lt. Malcolm, Lt. Sanders beat inmate Scott. I Sgt Kidd always conduct myself in a professional manner at work.

Kevin Kidd

THIS IS A REQUEST FOR ADMINISTRATIVE REMEDY

FROM: Derrick Scott #126372

RECEIVED
AUG 22 2005
DAVID WADE CORRECTIONAL CENTER

## Parties

Capt. Toffton / Lt. Malcolm / Lt. Sanders, Lt. Evans
Sgt. Davis, and Sgt. Kidd

701
Hanson
DWCC-05-1017

## ISSUE

"Excessive Force"

ACCEPTED
AUG 30 2005
D.W.C.C. WARDEN'S OFFICE ADMINISTRATIVE REMEDY PROCEDURE

## FACTS.

On or about July 9, 2005 while house in Cell#2 on Suicide Watch in N4 Uint on C-tier. Sgt. Davis Came on C-tier and Over heard me and another inmate discussing law Concerning some legal issues.

Sgt. Davis then Stated to me; "He don't give a fuck! about no law." So me and Sgt. Davis got into a heated argument concerning his statement he made about the law. Sgt. Davis then became angry toward me, and Stated to me, "He got me when I come out my Cell for my shower."

Before Lt. Malcolm Came inside my cell to Place me in restraints I inform Lt. Malcolm that Sgt. Davis Plan to inflict bodily harm upon me when I Came out my Cell for shower.

Lt. Malcolm Stated to me "He aint got nothing to do with that. That's me and that sgt."

After I was Place in handcuffs and legirons and let out my cell to go shower. Sgt. Davis begin Punching me, hitting me in the nose, mouth, and the Jaw with Clenched fists.

Lt. Malcolm started hitting me with his walkie talkie hitting me in the eye and head and continue hitting me with the walkie talkie until I hit the floor.

Once I fell to the floor bleeding from my mouth and head with both my eyes swollen.

Lt. Sanders and Sgt. Kidd ran up on me while I was laying on the floor bleeding and both these officers started kicking me in my back, ribs, and several times in my head.

Lt. Malcolm hit me several more times with the walkie talkie while I was on the floor hitting me behind my head and my neck with several blows. While Sgt. Davis kick me several times in my back and stomp my head to the floor several times.

While these officers was crowding me all at the sametime kicking me and stomping me and hitting me with walkie talkies while I was laying on the floor bleeding and bust-up screaming for help! Capt. Toffton and Lt. Evans just stood there and watch these officers continue to beat me without making any attempt to stop the officers from beating me.

Do to me being handcuffed with legirons on it was totally impossible for me to put up any sort of resistance. or pose any threat to the safety of these officers. These officers use force on me when there was no need for any force to be use.

As a result of these officers total unnecessary use of force upon me. I suffer with severe Pains in my head and my back. Both eyes swollen with black eyes, both eyes blood shot red, busted lip, bruises in my face and on my back. and Pains on the back of my neck. And Severe gashes in my head.

I have several inmates who witness these officers beat me while I was in handcuffs and legirons. See inmate write up for Proof that inmate Scott was in handcuffs and legirons at the time these officers Jump on inmate scott.

also See inmate Scott medical report for Proof of injuries.

## Relief

That these officers be terminated and demoted for they illegal acts Committed upon me.

$250,000 Compensatory Damages

$300,000 Punitive Damages

And Trial by Jury.

Respectfully Submitted

Derrick Scott

ARP INMATE NAME & # Derrick Scott #126812 DATE ACCEPTED 8/30/05

DWCC - 05 - 1017 LOCATION N3C PROJECTED CLOSING DATE

RECEIVED

| STEP 1 | STEP 2 OCT 04 2005 HEADQUARTERS LEVEL ADMINISTRATIVE REMEDY PROCEDURE |
|---|---|
| TO: Lt. Col. Hanson<br>FIRST STEP RESPONDENT | TO: SECRETARY |
| FROM: Warden Goodwin<br>UNIT HEAD | FROM: Derrick Scott<br>INMATE |
| DATE SENT: 8/30/05 | DATE SENT: 9/27/05 |
| REC'D: | REC'D: Derrick Scott 4/3/05 |
| TO: Derrick Scott<br>INMATE | TO: Derrick Scott #126372<br>INMATE |
| FROM: Warden Goodwin<br>UNIT HEAD | FROM: SECRETARY |
| DATE SENT: 9/26/05 | DATE SENT: 10-31-05 |
| REC'D: | REC'D: |

INMATE: RETURN TO SCREENING OFFICER AFTER THE COMPLETION OF STEP 1, AND AFTER YOU HAVE DATED AND SIGNED YOUR NAME IN THE APPROPRIATE AREA OF THE STEP 2 BOX.

9.18

AFTER THIS PROCESS IS COMPLETE, THE LIVING AREA SUPERVISOR MUST FORWARD THIS ENVELOPE TO: HEADQUARTERS, INTERNAL AFFAIRS, OAS, FOR FILING