**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **DERRICK SCOTT** | : | **CIVIL ACTION NO.: 05-2024-P** |
| **VERSUS** | : | **JUDGE: WALTER** |
| **ROBERT DAVIS, ET AL** | : | **MAGISTRATE JUDGE: HORNSBY** |

**AFFIDAVIT**

**PARISH OF CLAIBORNE**

**STATE OF LOUISIANA**

I, **DANNY MILLS**, the undersigned affiant, having first been duly sworn, did depose and state under oath the following:

1. That I am employed by the Louisiana Department of Public Safety and Corrections as a Correctional Officer (Lieutenant Colonel) at the David Wade Correctional Center at Homer, Louisiana (DWCC), and was so employed during July 2005. I have been employed as a Correctional Officer at DWCC for approximately ___ years.

2. At the request of the Attorney General's Office I have reviewed the claims asserted against me in the lawsuit of Derrick Scott, DOC #126372.

3. In his lawsuit, inmate Derrick Scott makes claims of cruel and unusual punishment asserted against him at DWCC on July 10, 2005.

4. As a Correctional Officer (Lieutenant Colonel) at DWCC during July 2005, I was familiar with DWCC's Use of Force Policy governed under the Department's Employee Policy Memorandum #02-01-005 during July 2005, a copy of which is attached. To affiant's knowledge, the purpose of this program is to provide

EXHIBIT 9

guidance regarding the use of force. This includes physical force, chemical agents, firearms, electronic capture shield and other similar devices, intermediate/impact weapons, restraints, less than lethal munitions and other tactical equipment as authorized.

5. According to the Department's Employee Policy Memorandum #02-01-005, Force, Necessary Force, Reasonable Force, and Excessive Force are defined as followed:

(b) Force - Bodily contact of some nature—either with or without the use of restraint, electrical device, chemical agent, less than-lethal munition and device or firearm—which causes someone either to act in a manner contrary to his intent or to change his behavior to the desired action;

(c) Necessary Force – Force needed to gain control of an individual;

(d) Reasonable Force – Force justified by the specific elements of a situation, such as the amount of force responded to, a person's perception of danger, the existence of non-forceful alternatives, and any other relevant factors;

(e) Excessive Force – Force used in a situation justifying force that exceeds the force necessary to control the situation or continues after the person is subdued or restrained.

(See Attachment 1, pp. 1-2, sec. 2(B)(C)(D) and (E).

6. In accordance with Employee Policy Memorandum #02-01-005, physical force may be used to defend one's self or others against any physical assault. (See Attachment 1, p. 5, sec. D(2)(b).

7. Derrick Scott, DOC #126372, was an inmate housed in DWCC's N4 Housing Unit, a maximum security extended lockdown area, during July 2005.

8. On July 10, 2005, affiant concurred with the placement of inmate Derrick Scott into the Violent Prisoner Restraint Chair in connection with the following incident:

- On the morning of July 10, 2005, affiant, in his official capacity as Lieutenant Colonel, was notified by DWCC Correctional Officer (Captain) John Toffton of a disturbance in the N4 Housing Unit involving inmate Derrick Scott and DWCC Correctional Officers. Affiant was informed that the disturbance resulted from inmate Scott's conduct toward the Correctional Officers on duty.
- Captain Toffon recommended that inmate Derrick Scott be placed into to the Violent Prisoner Restraint Chair for security purposes to protect staff, as inmate Scott had proven to be unruly and disruptive.
- Affiant concurred with the placement of inmate Scott into the Violent Prisoner Restraint Chair, for security purposes to protect staff.

9. I have reviewed the claims alleged in the lawsuit of inmate Derrick Scott and assert the following:

(a) The DWCC's N4 Housing Unit is a maximum security extended lockdown area and many of the inmates in maximum security lockdown are considered to be dangerous and/or violent inmates;

(b) In order to maintain the security and good order of the prison (DWCC), it is important that the inmates restrain from making physical contact with

DWCC employees. It is also important that the inmates follow all orders given. The security and good order of the prison are threatened any time an inmate refuses to comply with an order from security officers. When an inmate deliberately hits or pushes a DWCC employee, Correctional Officers must then do what is necessary to defend themselves or others against such physical assault. If an inmate is given an order to stop fighting Correctional Officers, he must comply with that order. If the inmate refuses to comply, then Correctional Officers must do what is necessary in order to gain his compliance. (See Attachment A, p.5, sec. D(2)(b);

(c) On July 10, 2005, inmate Derrick Scott was housed in DWCC's N4 Housing Unit, a maximum security lockdown. Inmate Scott was considered to be a dangerous and disruptive inmate. Inmate Scott has been disruptive in the past, has been physically restrained in the past, has been written up numerous times, and has been known to cause problems;

(d) Inmate Scott's conduct on July 10, 2005 created a situation that could have resulted in serious physical injury if DWCC Correctional Officers had not brought the inmate under control and into compliance;

(e) Concurrence was given to place inmate Scott in the Violent Prisoner Restraint Chair on July 10, 2005, for security purposes to protect staff.

The above facts are true and correct to the best of my knowledge, information and belief.

**WITNESSES:**

______________________ SIGNATURE

______________________ **DANNY MILLS**

______________________ PRINT

______________________ SIGNATURE

______________________ PRINT

**SWORN TO AND SUBSCRIBED** before me this _____ day of March, 2007, Homer, La.

______________________ **NOTARY PUBLIC**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **DERRICK SCOTT** | : | **CIVIL ACTION NO.: 05-2024-P** |
| **VERSUS** | : | **JUDGE: WALTER** |
| **ROBERT DAVIS, ET AL** | : | **MAGISTRATE JUDGE: HORNSBY** |

**AFFIDAVIT**

**PARISH OF CLAIBORNE**

**STATE OF LOUISIANA**

I, **GRACE LEE**, the undersigned affiant, having first been duly sworn, did depose and state under oath the following:

1. That I am employed by the Louisiana Department of Public Safety and Corrections as a Licensed Practical Nurse at the David Wade Correctional Center at Homer, Louisiana (DWCC), and was so employed during July 2005. I have been employed as a Licensed Practical Nurse at DWCC for approximately ____ years.

2. At the request of the Attorney General's Office I have reviewed the claims asserted in the lawsuit of Derrick Scott, DOC #126372.

3. In his lawsuit, and inmate Derrick Scott makes claims of cruel and unusual punishment asserted against him at DWCC on July 10, 2005.

4. Derrick Scott, DOC #126372, was an inmate housed at DWCC during July 2005.

5. On July 10, 2005, physical force was used on inmate Derrick Scott by DWCC Correctional Officers.

6. Affiant recalls the following information with regard to the incident of July 10, 2005, involving inmate Derrick Scott:

- On the morning of July 10, 2005, affiant was called to the N4 Housing Unit to examine inmate Derrick Scott and DWCC Correctional Officers. Upon arrival, Correctional Officer (Captain) John Toffton informed affiant that inmate Scott had to be physically restraint after physically assaulting DWCC Correctional Officers and subsequently refusing to comply with several orders to stop fighting.
- Affiant proceeded to examine inmate Scott. The following injuries were noted: Forehead knot approximately 6cm with bruising; Ear; Bruising noted to right shoulder; Left eye swollen and bruised; Right side of upper lip swollen with abrasion.
- Affiant proceeded to treat inmate Scott. All wounds were cleaned with normal saline and triple antibiotic ointment. Inmate Scott denied any pain or discomfort at that time.
- Captain Toffton requested concurrence from DWCC medical personnel to use the Violent Prisoner Restraint Chair for security purposes to protect staff. Affiant notified DWCC physician, Dr. Gereighty, for concurrence for the restraint chair for security purposes. Inmate Scott was placed in the restraint chair at approximately 2:30am. All straps were secured and checked. Pulses palpable to all extremities. Vital signs were taken. No signs or symptoms of distress were noted.

- Affiant then contacted DWCC Mental Health Specialist, Michelle Dauzat, as inmate Scott was on standard suicide watch at the time.
- Affiant also examined DWCC Correctional Officers following the incident involving inmate Scott on the morning of July 10, 2005. Affiant's examination of Correctional Officer (Lieutenant) Roderick Malcolm revealed swelling and scratches to his left forearm. The exam also revealed swelling and pain to his left thumb. Affiant's exam of Correctional Officers (Sergeant) Robert Davis, (Lieutenant) Cale Sanders and (Sergeant) Kevin Kidd showed no visible injuries, and they each denied any discomfort at that time.
- Unusual Occurrence Reports (UOR) were drafted in connection with the incident of July 10, 2005. A copy of affiant's UOR is attached hereto.

7. I have reviewed the claims in the lawsuit of inmate Derrick Scott and have determined the following:

(a) On July 10, 2005, DWCC Correctional Officers used only the amount of physical force necessary to restore discipline was used following inmate Scott's physical assault on the officers and subsequent refusal to comply with several orders given by the correctional officers to stop fighting;

(b) There is nothing from affiant's examination of inmate Scott on July 10, 2005 which indicates that the complaints listed in inmate Scott's lawsuit were the result of excessive force;

(c) At no time on July 10, 2005 did DWCC Correctional Officers intentionally or willfully deny inmate Derrick Scott medical treatment.

The above facts are true and correct to the best of my knowledge, information and belief.

**WITNESSES:**

______________________________
SIGNATURE

______________________________
**GRACE LEE**

______________________________
PRINT

______________________________
SIGNATURE

______________________________
PRINT

**SWORN TO AND SUBSCRIBED** before me this _____ day of March, 2007, Homer, Louisiana.

______________________________
**NOTARY PUBLIC**

Form: DWCC 56

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER

VENETIA MICHAEL, WARDEN

RICHARD STALDER, SECRETARY

# UNUSUAL OCCURRENCE REPORT

| Name | DERRICK SCOTT | Number | 126372 | Housing | N4 C2 | Date of Incident | JULY 10,2005 | Time | 0125 |
|---|---|---|---|---|---|---|---|---|---|
| Location of Incident | | N4 C2 | | | | Witnesses | | | |
| Type of Incident | ~~Agg. Sex Offense~~ USE OF FORCE | | | | | | | | |

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

ON THE ABOVE DATE AND APPROXIMATED TIME, I/M DERRICK SCOTT #126372 WAS SEEN AND EXAMINED. THE FOLLOWING INJURIES NOTED: FOREHEAD KNOT APPROX. 6CM WITH BRUISING, ABRAISON ALONG HAIRLINE ON RIGHT SIDE OF HEAD, ABRAISON ON RIGHT CHEEK AND RIGHT EAR, BRUISING NOTED TO RIGHT SHOULDER, LEFT EYE SWOLLEN AND BRUISED, RIGHT SIDE OF UPPER LIP SWOLLEN WITH ABRASION. ALL WOUNDS CLEANED WITH NORMAL SALINE AND TRIPLE ANTIBIOTIC OINTMENT APPLIED. I/M DERRICK SCOTT DENIES ANY PAIN OR DISCOMFORT AT THIS TIME. DR. GEREIGHTY NOTIFIED FOR CONCURRENCE FOR THE RESTRAINT CHAIR FOR SECURITY PURPOSE. I/M SCOTT WAS PLACED IN RESTRAINT CHAIR AT APPROX. 0230. ALL STRAPS SECURED AND CHECKED. PULSES PALPABLE TO ALL EXTREMITIES. VITAL SIGNS TAKEN. NO SIGNS OR SYMPTOMS OF DISTRESS NOTED. AT 0251 M. DAUZAT OF MENTAL HEALTH NOTIFIED.

[signature]
REPORTING OFFICER

7/10/05
DATE COMPLETED

0125
TIME

[signature]
REVIEWED BY

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
CHIEF OF SECURITY
UNIT MAJOR
DEPARTMENT HEAD

2

DWCC Form #56 (EMS #01-01-009) (Revised 3/02)

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
DAVID WADE CORRECTIONAL CENTER

# UNUSUAL OCCURRENCE REPORT

VENETIA T. MICHAEL, WARDEN — RICHARD L. STALDER, SECRETARY

| NAME | NUMBER | DORM | DATE OF INCIDENT | TIME |
|---|---|---|---|---|
| Lt. Roderick Malcolm<br>Lt. Cale Sandies | | | 7/10/05 | 0125 |

| LOCATION OF (Name) | | WITNESSES | |
|---|---|---|---|
| | Sgt. Robert Davis<br>Sgt. Kevin Kidd | | |

TYPE OF INCIDENT (CHECK ONE)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | ASSAULT ON STAFF | | MAJOR | | ROOF SHAKEDOWN | | PROTECTION | | MAINTENANCE |
| | AGG. SEX OFFENSE | | SEX OFFENSE | | SHIFT SHAKEDOWN | | VIOLENT DEATH | | REPAIR REQUEST |
| | AGG. FIGHT | | USE OF FORCE | | FRONT GATE | | DEATH DUE TO | | FENCE CHECK |
| | FIGHT | | MINOR | | MATTRESS | | MENTAL HEALTH | | WEEKLY INSPECTION |
| | ESCAPE | | SEARCH OF INMATE | | GROUNDS | X | MEDICAL | | MONTHLY INSPECTION |
| | CONTRABAND | | OTHER | | | | | | |

☐ CHEMICAL AGENTS USED ☐ MECHANICAL RESTRAINTS USED

DESCRIPTION OF THE INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

On the above date & time, the following employee were seen & examined by medical for injuries after altercation c̄ inmate. Lt. Roderick Malcolm's (R) forearm has noted swelling & scratches & (L) thumb swollen & hurting. Sgt. Robert Davis, Lt. Cale Sandies & Sgt. Kevin Kidd show Ø visible injuries & denies any discomfort @ this time.

[signature]
Reporting Officer

7/10/05
Date Completed

0135
Time

XC: WARDEN (ORIGINAL)
DEPUTY WARDEN
ASST. WARDENS
LT. COLONELS
UNIT MAJORS
DEPARTMENT HEADS